1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11   BAUM VISION, LLC,                  Case No. 8:24-cv-01931-JWH-JDE
12              Plaintiff,
                                        **ORDER TO SHOW CAUSE**
13         v.                           **REGARDING FAILURE TO FILE**
                                        **RULE 7.1 DISCLOSURES**
14   OHIO SECURITY INSURANCE
     COMPANY,
15
                Defendant.
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Baum Vision, LLC filed the instant case against Defendant Ohio Security Insurance Company in September 2024.[1] Baum Vision asserts that the Court has diversity jurisdiction.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Similarly, a limited partnership "is a citizen of each State or foreign country of which any of its partners"—limited or general—"is a citizen." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (U.S., 2004).

Rule 7.1 of the Federal Rules of Civil Procedure requires that, for actions based upon diversity jurisdiction, each party or intervenor "***must***" file a disclosure statement naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor" "(A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)."

---

[1] *See generally* Compl. [ECF No. 1].

[2] *Id.* at ¶ 8.

Fed. R. Civ. P. 7.1(a)(2) (emphasis added).  The party or intervenor "***must***" file its Rule 7.1 disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and again "promptly," if any required information changes.  Fed. R. Civ. P. 7.1(b) (emphasis added).  The parties' Rule 7.1 disclosures allow the Court to assess the diversity of the parties, and they are imperative for assessing diversity with respect to corporations.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. Each party is **DIRECTED** to file, no later than January 17, 2025, its respective Rule 7.1(a)(2) Disclosure Statement as well as a supplemental memorandum (including supporting evidence, to the extent necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2. An in-person hearing on this Order to Show Cause is **SET** for January 31, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: January 2, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE